IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGELIO GONZALEZ, #44650-177,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL NO. 3:16-CV-1763-N-BK<br>(Criminal No. 3:12-CR-0144-N-1) |
| UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed as time barred.

**I. BACKGROUND**

In 2012, Petitioner pled guilty to conspiracy to possess with intent to distribute a controlled substance, and was sentenced to 150 months' imprisonment on April 1, 2013. Crim. Doc. 33. He did not appeal, and on June 2016, the Court reduced his sentence to 127 months' imprisonment based on the 2014 Drug Guidelines Amendment. Crim. Doc. 43.

On June 21, 2016, Petitioner filed a *pro se* motion seeking sentence relief under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 2. the Court construed the motion as a first motion to vacate sentence under 28 U.S.C. § 2255, and granted him leave to amend in accordance with *Castro v. United States*, 540 U.S. 375 (2003). Doc. 3. On July 19, 2016, Petitioner filed an amended section 2255 motion on the court approved form.

He challenges the enhancement of his sentence for possession of a weapon under U.S.S.G. § 2D1.1(b)(1), claiming it was unsupported by "foundational evidence" and "vague." Doc. 4 at 5.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).[1]

### A. Limitations

Petitioner appears to rely on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-year limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly untimely. Doc. 4 at 5; Doc. 2. Over three years have elapsed since his conviction first became final in April 2013. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final under section 2255(f)(1) when the applicable period for seeking direct review of a conviction has expired).[2]

However, Petitioner's reliance on section 2255(f)(3) and *Johnson* is misplaced. *Johnson*

---

[1] Here, Petitioner will have adequate notice and an opportunity to respond to the statute of limitations ruling during the 14-day period for filing objections to the findings, conclusions and recommendation. *See Magouirk v. Phillips,* 144 F.3d 348, 359 (5th Cir. 1998) (Magistrate Judge's findings and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

[2] Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court recently found *Johnson* retroactively applicable to cases on collateral review in *United States v. Welch,* ___ U.S. ___, 136 S. Ct. 1257 (2016).

has no bearing on Petitioner's case, since his sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, --- U.S. ---, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather the Presentence Report (PSR), which was adopted without change at sentencing, calculated Petitioner's base offense level under the drug guidelines, U.S.S.G. § 2D1.1. *See* Crim. Doc. 27-1 at 6, PSR ¶ 27; Crim. Doc. 34 at 1, Statement of Reasons (SOR). Two offense levels were then added under section 2D1.1(b)(1) because Petitioner possessed a firearm. *See* Crim. Doc. 27-1 at 7, PSR ¶ 28.

Petitioner references generally that certiorari was granted to address whether *Johnson* applies to "non-ACCA cases." Doc. 4 at 5. Even assuming the Supreme Court finds *Johnson* retroactively applicable to the career offender provision of the Sentencing Guidelines, *see Beckles v. United States*, 616 Fed.Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 2016 WL 1029080 *(*Jun. 27, 2016), Petitioner was not sentenced as a career offender as previously noted. Moreover, the two-point enhancement under section 2D1.1(b)(1) was premised on possession of a dangerous weapon and does not contain or incorporate any clauses resembling the ones found unconstitutional in *Johnson*. *See also* U.S.S.G. § 2D1.1, comment. (n.3).[3] Thus, section 2255(f)(3) is not applicable in this case.[4]

Consequently, the section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

---

[3] The Court used the November 2010 Guidelines Manual, which was utilized in preparing the PSR. *See* Crim. Doc. 27-1 at 6, PSR ¶ 26.

[4] Sections 2255(f)(2) and (4) are likewise inapplicable. Petitioner does not appear to base his claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

### B. Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* --- U.S. ---, 136 S. Ct. 750, 755-756 (2016).  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).  Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  Accordingly, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** August 11, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE